## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BARRETT, *on behalf of themselves and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>QUOTEWIZARD.COM, LLC,<br><br>Defendant. | Civil Action No. 1:20-cv-11209-LTS |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant QuoteWizard.com, LLC ("QuoteWizard") respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff Joseph Barrett's ("Barrett") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim.

### INTRODUCTION

Barrett alleges that he received a telephone call on December 9, 2019 at 4:30 p.m. from "Anna" with "Loweryourinsurancerates.com" in alleged violation of the Telephone Consumer Protection Act ("TCPA"). More specifically, Barrett contends that the telephone call was made using a prohibited "automatic telephone dialing system" ("ATDS"). Barrett has apparently made no attempts to discern who actually made the alleged call by inquiring into who owns or operates the website. Barrett has also not named the website as a defendant herein. Rather, Barrett speculates that QuoteWizard is responsible for the allegedly illegal call—under an apparent vicarious liability theory—because QuoteWizard separately contacted him later that day.

Barrett's allegations against QuoteWizard not only fall far short of the federal pleading standard, but they are factually wrong.  QuoteWizard submits sworn evidence herewith that it did not make the call at issue, and never asked or directed "Loweryourinsurancerates.com" or its agents or representatives—with whom QuoteWizard has no business relationship—to contact Barrett, on the date and time alleged, or ever.

Putting aside its lack of involvement in the allegedly illegal call at issue, QuoteWizard does not deny that it contacted a person calling themselves "Archie Stenton" (Barrett's apparent alias) to discuss his request for an auto insurance quote.  QuoteWizard submits sworn proof herewith that it contacted him in response to a specific request for an auto insurance quote and with his consent to contact, and that QuoteWizard called him via a live agent, not any automatic telephone dialing software.  Barrett has not alleged, nor could he, that QuoteWizard's call to his alias "Archie Stenton" violated the TCPA or any other law.  To the contrary, QuoteWizard had his consent to call him, as further evidenced by the recording of the phone call that QuoteWizard attaches hereto.

Rather, Barrett has sued QuoteWizard herein solely based on his completely incorrect theory that QuoteWizard is somehow responsible for the allegedly illegal call made by "Loweryourinsurancerates.com."  Simply put, QuoteWizard is not responsible for that alleged call nor does QuoteWizard have any knowledge of it.  As a result, Barrett lacks Article III standing to sue QuoteWizard over that alleged call.  To the extent Barrett believes that the call violated the TCPA, his only recourse is to dismiss QuoteWizard and name the correct defendant(s) who are responsible.  For these reasons, Barrett's Complaint must be dismissed for lack of subject matter jurisdiction and/or for failure to state a plausible claim for relief.

## ALLEGATIONS OF COMPLAINT

Barrett alleges that he received a telephone call to his cell phone, (781) 315-XXXX, on December 9, 2019 at 4:30 p.m. from (781) 390-9324.  Compl. (ECF No. 1), ¶ 28.  The caller identified themselves as Anna from "Lowe[r]yourinsurancerates.com."  *Id*., ¶ 32.  "Anna asked [Barrett] if he was interested in purchasing auto insurance at a rate lower than what he was currently paying."  *Id*., ¶ 33.  During the call, Barrett "told 'Anna' with 'Loweryourinsurancerates.com' that his name was 'Archie Stanton,' that his birth date was November 1, 1980 and that he wanted a quote for his 2015 Toyota Tacoma."  *Id*., ¶ 36.  Barrett claims that the telephone call at 4:30 p.m. was made using an automatic telephone dialing system ("ATDS") because "[a] delay after a consumer answers a telemarketing call, and a sound indicating a transfer, are classic indicia of the use of an ATDS."  *Id*., ¶ 31.

Barrett claims that, approximately three hours after the 4:30 p.m. call, he "received an e-mail from (781) 519-6445 and spoke with an agent who identified themselves as calling from QuoteWizard. The QuoteWizard agent asked for 'Archie Stanton.'"  Compl., ¶ 38.  "The agent then informed Plaintiff that he would be transferred to Liberty Mutual for an insurance quote. QuoteWizard then tried multiple times to make the transfer but these efforts were unsuccessful."  *Id*., ¶ 39.  Barrett ***does not allege*** that this alleged call was made using an ATDS.  *See generally id*.  It is unclear what Barrett alleges the relationship between Anna/Loweryourinsurance.rates.com and QuoteWizard to be, if any.  *See generally id*.

Based on these allegations, Barrett pleads a claim under the TCPA for alleged use of an ATDS; seeks statutory damages; and seeks to represent a nationwide class of consumers.  *See* Compl., ¶¶ 51, 61 & Wherefore Clause.

## JURISDICTIONAL FACTS

QuoteWizard purchased the rights to contact a person named Archie Stenton at (781) 315-XXXX.  *See* Declaration of Tricia Winkler ("Winkler Dec."), ¶ 8.  A person representing themselves as Archie Stenton with that phone number had requested to be contacted in connection with an auto insurance quote on http://auto.save-big-on-insurance.com/V2/.  *Id.*

After purchasing this lead with the right and consent to contact, QuoteWizard contacted "Archie Stenton" at (781) 315-XXXX.  Winkler Dec., ¶ 9.  QuoteWizard was able to reach "Archie Stenton" at (781) 315-XXXX via a telephone call from a live agent in its call center on December 9, 2019 at approximately 4:04 p.m. PT.  *Id.*  QuoteWizard's agent spoke to a person identifying themselves as "Archie Stenton" regarding their request for an auto insurance quote. *Id.*  After the person confirmed the information they had entered in connection with the request for a quote, QuoteWizard attempted to transfer "Archie Stenton" to an agent of an insurer, Liberty Mutual, but was unable to do so.  A true and accurate recording of this telephone call is attached hereto as **Exhibit 1**.  *Id.*  *See also* Ex. 1.  QuoteWizard later learned that "Archie Stenton" was an apparent alias for Barrett.  Winkler Dec., ¶ 9.

QuoteWizard did not ask a person name Anna and/or a company/website named "Loweryourinsurancerates.com" to call "Archie Stenton," Barrett, or anyone else on December 9, 2019 at 4:30 p.m. or any other date or time, nor was QuoteWizard responsible for or otherwise aware of that call.  Winkler Dec., ¶ 10.  QuoteWizard has no record of having any business relationship with "Loweryourinsurancerates.com" or its agents or representatives.  *Id.*, ¶ 11.  The only time QuoteWizard made a call to "Archie Stenton" at (781) 315-XXXX was the aforementioned telephone call through a live agent employed by QuoteWizard, the recording of which is attached hereto.  *Id.*, ¶ 10.  *See also* Ex. 1.

## APPLICABLE LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) contests the Court's "subject matter jurisdiction by challenging the allegations in the complaint as insufficient on their face or by questioning the accuracy of those allegations." *Hernandez-Santiago v. Ecolab, Inc.*, 397 F.3d 30, 33 (1st Cir. 2005). When addressing Rule 12(b)(1) motions, courts "may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37 (1st Cir. 2000); *see also Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002).

In a factual attack on the Court's jurisdiction, as here, the movant attacks the jurisdictional facts by "proffering materials of evidentiary quality in support" of their contentions, and "the plaintiff's jurisdictional averments are entitled to no presumptive weight." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). Factual challenges afford courts "broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings" to resolve factual disputes between the parties and "determine [the court's] jurisdiction." *Id.*; *see also Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 163 (1st Cir. 2007) ("[I]n a factual 12(b)(1) motion ... the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" (quotation and citation omitted)). In ruling on 12(b)(1) motions, courts may consider materials outside the pleadings to determine whether jurisdiction exists. *See Gonzalez*, 284 F.3d at 288 (explaining that "the attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion" because the court "may consider such materials [outside the pleadings] on a Rule 12(b)(1) motion").

The "irreducible constitutional minimum" of Article III standing consists of three elements: the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), and *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).  Barrett, as the party invoking federal jurisdiction in this action, bears the evidentiary burden of establishing these elements "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief."  *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)).  "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 127 S. Ct. at 1964-65.  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

## ARGUMENTS & AUTHORITIES

### A.    The Court Lacks Subject Matter Jurisdiction over the Allegations and Claim Against QuoteWizard.

This Court lacks subject matter jurisdiction over all allegations and claims pleaded against QuoteWizard because QuoteWizard did not make, and has no responsibility for, the allegedly illegal telephone call.

Barrett brings a single claim under the TCPA for "making calls, except for emergency purposes, to the telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice."  Compl., ¶ 64.  The only allegations of use of an ATDS are in connection with the alleged call from "Loweryourinsurancerates.com":[1]

> 28. On December 9, 2019, at 4:30 p.m., Plaintiff received a call from 781-390-9324.

> 29. When Plaintiff answered the call, there was no immediate answer.

> 30. After the Plaintiff responded "hello" a few times, he heard an audible water drop sound and a live agent came on the line.

> 31. A delay after a consumer answers a telemarketing call, and a sound indicating a transfer, are classic indicia of the use of an ATDS.

> 32. The agent identified herself as "Anna" and stated that she was working with an entity called Lowe[r]yourinsurancerates.com.

See Compl., ¶¶ 28-32.[2]

QuoteWizard did not make that alleged call, nor did it ask "Loweryourinsurancerates.com" or its agents or representatives to make that call, nor was QuoteWizard even aware of that call.  See Winkler Dec., ¶¶ 8-11.  This is fatal to Barrett's claim against QuoteWizard.  An alleged violation of the TCPA requires, at a bare minimum, that the plaintiff was contacted by the defendant by telephone and, in doing so, the defendant violated the TCPA.  See 47 U.S.C. § 227(b)(1)(A)(iii) (plaintiff must allege defendant (1) called a cellular

---

[1] Although Count 1 purports to plead ATDS use "and/or" use of an artificial or prerecorded voice, nowhere in Barrett's Complaint does he allege that he was called using an artificial or prerecorded voice. Rather, it appears he alleges only that the call by "Loweryourinsurancerates.com" was made using an ATDS.  See generally Compl.  In any event, QuoteWizard did not call Barrett (via his alias, "Archie Stenton") using either an ATDS or an artificial or prerecorded voice, as QuoteWizard spoke with Barrett via a live agent from QuoteWizard's call center.  See Winkler Dec., ¶ 9.

[2] As noted, Barrett does not challenge the call made by QuoteWizard as illegal under the TCPA.

telephone number or any service for which the called party is charged for the call; (2) using an

ATDS or an artificial or prerecorded voice; (3) without the recipient's prior express consent).

Given that QuoteWizard did not make and is in no way responsible for the allegedly

illegal call, Barrett necessarily cannot satisfy *any* of the required three elements for Article III

standing with respect to QuoteWizard and the alleged call at issue. *See Spokeo*, 136 S.Ct. at

1547 ("plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial

decision."). *See also Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir.

2017) (plaintiff must sufficiently allege violation of TCPA to sustain Article III standing).

Primarily, the challenged conduct is not traceable to QuoteWizard at all because QuoteWizard

had no involvement in it.

Where the alleged contact between plaintiff and defendant simply did not occur,

dismissal for lack of Article III standing is required.   Under similar circumstances, a court

dismissed a case for lack of Article III standing where the plaintiff alleged that he had a

discriminatory interaction with the defendant, but the evidence proved that he actually had no

interaction with the defendant, discriminatory or otherwise. *See Magee v. Glacier Water Servs.*,

2017 U.S. Dist. LEXIS 12221, at *2-4, 2017 WL 396287 (E.D. La. Jan. 30, 2017).   In *Magee*,

the plaintiff alleged that he attempted to use defendant's water refill station but was unable to

due to his disability, and that the defendant's station's failure to accommodate his disability

constituted a violation of the Americans with Disabilities Act. *Id.*   The defendants made a facial

attack on plaintiff's Article III standing under Rule 12(b)(1), submitting a declaration and a

video that showed that plaintiff did not visit the water refill station on the date he alleged. *Id*. at

*7-10.   The Court determined that the plaintiff did not visit the water refill station as alleged, and

therefore could not have suffered any possible injury under the Americans with Disabilities Act because the defendants had no opportunity to discriminate against plaintiff. *Id*. at *11-12. Because the plaintiff failed to satisfy Article III standing requirements, the Court dismissed the case for lack of subject matter jurisdiction. *Id*. at *12 ("Because the Court finds that [plaintiff] has not met his burden to show that he encountered the water refill station and thus could determine that he could not use it, he has not suffered an injury-in-fact, and the Court does not have jurisdiction to hear his claim.").

Because QuoteWizard did not make the allegedly illegal call on December 9, 2019 at 4:30 p.m. and is not responsible for the same, Barrett can neither show a violation of the TCPA by QuoteWizard nor satisfy the irreducible constitutional minimum of Article III standing with respect to QuoteWizard. *See Lujan*, 504 U.S. at 560-61 (to establish the "fairly traceable" component of Article III standing, a plaintiff must show a causal connection between the plaintiff's injury and the defendant's alleged unlawful activity, and that the plaintiff's injury is not a result of "'the independent action of some third party not before the court.'" (quoting *Simon v. Eastern Kentucky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976))); *see also Dantzler, Inc. v. Empresas Berríos Inventory and Operations, Inc.*, 958 F.3d 38, 47-48 (1st Cir. 2020).

The burden is on Barrett to show that he has Article III standing, and in turn that the Court has subject matter jurisdiction, with respect to his claim against QuoteWizard. *See Lujan*, 504 U.S. at 561; *see also Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017). This requires Barrett to put forth more than belief and conjecture in the face of QuoteWizard's sworn attestations that it did not make and is not responsible for the allegedly illegal call. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) ("[A] plaintiff, however, may not rest merely on unsupported conclusions or interpretations of law."); *see also Dantzler, Inc.*, 958 F.3d at 48

("The Supreme Court has cautioned against courts finding that a plaintiff's injury is fairly traceable to a defendant's conduct where the plaintiff alleges a causal chain dependent on actions of third parties.").  He has not met and cannot meet this burden.

**B.      As Pleaded, the Complaint Fails to State a Plausible Claim for Relief or Establish Article III Standing with Respect to QuoteWizard.**

Because Barrett has no Article III standing to pursue a TCPA claim against QuoteWizard based on the alleged call from "Loweryourinsurancerates.com," this Court lacks subject matter jurisdiction and the case has to be dismissed as a result.  Putting aside QuoteWizard's factual attack confirming the jurisdictional defect, however, the Complaint also fails to state a plausible claim for relief or even plead the existence of subject matter jurisdiction in the first instance.[3] Barrett in no way pleads any facts to plausibly suggest that QuoteWizard is legally responsible for the alleged call made by "Loweryourinsurancerates.com."

A defendant can only be held liable for an allegedly illegal call under the TCPA based on two theories: direct or vicarious liability.  *See Cunningham v. Kondaur Capital*, 2014 U.S. Dist. LEXIS 183095, at *11-14 (M.D. Tenn. Nov. 19, 2014) (under TCPA, there are only two theories of liability, direct liability based on the making or initiation of a call, or vicarious liability based on calls made or initiated by another and under federal agency principles) (rejecting theory of liability that calls were "on behalf of" another entity); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal 2012) ("Ms. Thomas argues that the TCPA employs a broader standard of liability: that a party can be held liable if a call or text message is made on its 'behalf,' that is, if a party receives benefit from the text message. The Court disagrees. … This Court concludes, therefore, that a party can be held liable … directly if it personally 'makes' a call in the method

---

[3] Although QuoteWizard files this Motion primarily as a factual attack under Rule 12(b)(1), in the alternative, QuoteWizard also challenges the Complaint on its face under Rule 12(b)(1) and Rule 12(b)(6).

proscribed by the statute, or vicariously, such as, if it was in an agency relationship with the party that sent the text message.").

Barrett speculates that, because QuoteWizard allegedly contacted him after the alleged phone call with "Loweryourinsurancerates.com" on December 9, 2019, this necessarily means that QuoteWizard "initiated the call[] at issue itself or through a third party." Compl., ¶ 41. This is entirely speculative and plainly insufficient. Barrett does not claim, nor could he, that "Loweryourinsurancerates.com" is a fictitious name or d/b/a of QuoteWizard.[4] Thus, although not entirely clear, it appears that Barrett's theory is that "Loweryourinsurancerates.com" called Barrett on behalf of QuoteWizard (which is untrue, *see supra*).

However, mere allegations that calls were made on behalf of the defendant, or that the defendant had "purported involvement in the" offending communications, or that the defendant was "the intended beneficiary of any information gleaned from" the communications, are insufficient to establish TCPA liability. *See Cunningham v. Kondaur Capital*, 2014 U.S. Dist. LEXIS 183095, at *19-20 (plaintiff's allegations of general involvement by defendant in calls "are not sufficient to show the existence of facts that would support vicarious liability."); *Chambers v. Nationwide Mut. Ins. Co.*, 2020 U.S. Dist. LEXIS 83934, at *10-11 (N.D. Ohio May 13, 2020) (dismissing TCPA claim premised on vicarious liability theory where plaintiffs "repeatedly make the conclusory allegation that the … calls … were made 'as part of [defendant's] telemarketing operation[.]' This Court, and other courts, have dismissed TCPA

---

[4] Barrett could, and should, have either done pre-suit research to determine who or what entity is responsible for the website "Loweryourinsurancerates.com" (there are publicly available internet research tools to help discern the same, such as www.whois.com), *or* filed suit against the website and taken early discovery to find out the same. There was and is no basis for Barrett to sue QuoteWizard over the alleged actions of another entity.

claims, where the plaintiff fails to allege sufficient facts demonstrating liability for the actions of third parties." (internal record citation omitted)).

Insofar as Barrett has attempted to plead a vicarious liability theory against QuoteWizard—that QuoteWizard controlled and directed the alleged December 9th call by "Loweryourinsurancerates.com"—this required specific factual allegations showing that QuoteWizard both knew of and directed or ratified the actions of the alleged caller. *See Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 325 (D. Mass. 2020) ("In order to satisfy the pleading requirements, however, Rosenberg must plausibly allege that Ascendant was acting as an agent of Loan Depot, i.e that Loan Depot exercised control over, ratified or openly authorized Ascendant's actions."); *Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 U.S. Dist. LEXIS 2414, at *9-10 (N.D. Cal. Jan. 4, 2018) (rejecting vicarious liability theory against defendant for calls made in alleged violation of TCPA) ("Plaintiff's complaint is devoid of factual allegations from which the court could infer defendant controlled or could control the representatives.").

But the Complaint is devoid of *any* non-conclusory factual allegations that could remotely suggest, much less plausibly show, that Anna from "Loweryourinsurancerates.com" was acting as QuoteWizard's agent when she called Barrett. For example, the Complaint does not allege that Anna claimed she was calling for QuoteWizard, worked for QuoteWizard, or represented QuoteWizard; does not allege that QuoteWizard was referenced during the call; does not allege that the number that called Barrett traces back to QuoteWizard or an affiliate; and does not reveal any extrinsic source that ties "Loweryourinsurancerates.com" to QuoteWizard. Indeed, there is not a single factual allegation in the Complaint that ties QuoteWizard directly to the allegedly illegal telephone call. *See generally* Compl. *Compare Rosenberg*, 435 F. Supp. 3d

at 325 (finding allegations sufficient to plead vicarious liability where plaintiff alleged that "Loan Depot hired Ascendant Marketing to conduct telemarketing [… and] that Ascendant placed an automated call to him on November 19, 2018, and Loan Depot identified itself on that call. He further alleges that when Loan Depot later contacted him directly, he complained about the conduct of Ascendant Marketing but later received an additional telemarketing call. Taken together, Rosenberg alleges that Ascendant Marketing called him as Loan Depot's agent and Loan Depot knew of and therefore ratified Ascendant's unauthorized conduct."). This is in no way sufficient to plausibly plead that QuoteWizard is vicariously liable for the call.

In *Cunningham v. Kondaur Capital*, 2014 U.S. Dist. LEXIS 183095, at *18, the court rejected TCPA claims against the defendant because, like here, "[t]here are no factual allegations that [the defendant] itself had any interaction with the plaintiff, and the plaintiff alleges only that he spoke with [unrelated] entities." *Id*. Moreover, the court in *Cunningham* rejected far stronger allegations than those present here: "[A]lthough the plaintiff alleges that he was told by these entities that they were 'prospecting for leads' for [the defendant] and that information would be forwarded to [the defendant] 'for the purposes of obtaining a mortgage,'" these allegations were insufficient to plausibly plead vicarious liability. *Id*. ("[T]here are no factual allegations showing that these entities were in fact acting at the directive of or on behalf of [the defendant]."). *See also Kline v. Elite Med. Labs., Inc.*, No. 1:19-CV-1043, 2019 U.S. Dist. LEXIS 214802, 2019 WL 6828590, at *6 (M.D. Pa. Dec. 13, 2019) ("There is no allegation that Defendant Arriviello directed the callers to call Plaintiff on his behalf, or that Defendant Arriviello caused the callers to reasonably believe that they had the authority to call Plaintiff on Defendant Arriviello's behalf. . . . Plaintiff has not alleged enough facts to show that the callers were agents of Defendant."); *Garczynski v. Countrywide Home Loans, Inc.*, 656 F.Supp.2d 505, 512-13 (E.D.

Pa.2009) (plaintiff's conclusory allegations of agency were insufficient to establish actual or apparent authority).

Because Barrett has failed to plead facts to tie QuoteWizard to the allegedly illegal call by "Loweryourinsurancerates.com," he has both failed to state a claim against QuoteWizard under the TCPA, and lacks Article III standing to prosecute his TCPA claim against QuoteWizard. *See Gulden v. Consol. World Travel Inc*., 2017 U.S. Dist. LEXIS 23350, at *5 (D. Ariz. Feb. 15, 2017) (insufficient allegations to show direct or vicarious liability against defendant for alleged calls) ("Because identity is a necessary element of all of Plaintiff's claims, this deficiency warrants dismissal of all of Plaintiff's claims."). *See also Lujan*, 504 U.S. at 560-61 (to establish the "fairly traceable" component of Article III standing, a plaintiff must show a causal connection between the plaintiff's injury and the defendant's alleged unlawful activity, and that the plaintiff's injury is not a result of "'the independent action of some third party not before the court.'" (quoting *Simon*, 426 U.S. at 41-42)).

### C.    Barrett Has No Recourse Against QuoteWizard.

As noted *supra*, QuoteWizard does not deny that it contacted Barrett (via his alias, "Archie Stenton") through a live agent working from its call center on December 9, 2019. *See* Winkler Dec., ¶¶ 8-11. This call did not violate the TCPA because, among other things, Barrett (via his alias, "Archie Stenton") had consented to the call, plus the call was made via a live agent, not using an ATDS. In fact, Barrett does not allege that QuoteWizard violated the TCPA by and through this phone call, in any event. *See generally* Compl. Rather, Barrett's Complaint hinges on the alleged use of an ATDS during the call from "Loweryourinsurancerates.com." Thus, there are no allegations in the Complaint that actually allege wrongdoing by QuoteWizard,

whether facially or based on the sworn evidence submitted herewith.   QuoteWizard must be dismissed from this suit.

## CONCLUSION

Although Barrett believes that some entity called him on or around December 9, 2019 at 4:30 p.m. using an alleged ATDS in violation of the TCPA, the indisputable proof is that QuoteWizard was not that entity.   Barrett lacks Article III standing against QuoteWizard, and this Court has no subject matter jurisdiction over his claims against it.   This is inclusive of the class allegations as well as Barrett's individual claims.   *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) (where plaintiff "has not met his burden to show an injury-in-fact, he is not a member of his proposed class. Plaintiff cannot lead a class to which he or she does not belong").   No amount of discovery, amendment, or passage of time can cure this fatal jurisdictional defect.   The Complaint should be dismissed.

Respectfully Submitted,

QuoteWizard.com, LLC
By its attorneys,

*/s/ Kevin P. Polansky*
Kevin P. Polansky (BBO #667229)
kevin.polansky@nelsonmullins.com
Christine M. Kingston (BBO #682962)
christine.kingston@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, MA 02109
(t) (617)-217-4700
Dated: September 4, 2020                     (f) (617) 217-4710

<u>CERTIFICATE OF SERVICE</u>

I, Kevin P. Polansky, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: September 4, 2020                    */s/ Kevin P. Polansky*